United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE BRIGGS,

Plaintiff.

Case No. 25-cv-03012-WHO

**ORDER ON BANKRUPTCY APPEAL**

Re: Dkt. No. 3

Before me is plaintiff Bryan Briggs's appeal from the United States Bankruptcy Court for the Northern District of California, in which the bankruptcy court dismissed his chapter 11 case for failure to show cause. Dkt. Nos. 1, 3. Mr. Briggs argues, as he did in bankruptcy court, that the bankruptcy court did not have jurisdiction over his chapter 11 matter. *See id.* Mr. Briggs is incorrect in his understanding of bankruptcy court jurisdiction. He failed to prosecute his case, including a failure to file an application to extend the automatic stay. The bankruptcy court was correct to dismiss his case for failure to show cause. The bankruptcy court's decisions are AFFIRMED.

**BACKGROUND**

As the bankruptcy court's orders are wound up in the procedural path the case has taken, I review the history of the case.

Mr. Briggs first filed his Chapter 11 Voluntary Petition before the United States Bankruptcy Court for the Northern District of California on September 23, 2024. *In re: Bryan Michael Thomas Briggs*, Debtor, ("Bankruptcy Court Dkt."), No. 24-4167-CN, (Bankr. N.D. Cal. March 19, 2025) [Dkt. No. 1]. One week prior to that, Mr. Briggs had filed a "Petition to Challenge Jurisdiction" of the bankruptcy court before the Northern District of California. *See Bryan Briggs v. Administrative Office of the United States Courts et al.*, ("*Briggs v. AO* Dkt."),

United States District Court
Northern District of California

No. 3:24-CV-06489-RFL [Dkt. No. 1]. In that case, the Honorable Rita Lin issued three Orders in which she explained that Mr. Briggs had failed to meet his obligation to file proof of service on the defendants. *See id.* at Dkt. Nos. 12, 16, and 20. In her third Order, Judge Lin explained: "Plaintiff is cautioned that if he fails to file proofs of service that succeed in satisfying Rule 4 by [March 5, 2025], the Complaint will be subject to dismissal without prejudice without further notice." *Id.* at Dkt. No. 20. Mr. Briggs failed to comply with Judge Lin's orders. She dismissed the case for failure to prosecute. *Id.* at Dkt. No. 26.

Meanwhile, in bankruptcy court, Mr. Briggs failed to pay his filing fees or file a list of creditors in a timely fashion as is required by 11 U.S.C. § 521(a)(1), ultimately prompting the bankruptcy court to order that he file his required documents or risk automatic dismissal. Bankruptcy Court Dkt. Nos. 7, 8, 16. Mr. Briggs requested an extension to file his documents and to pay the filing fee in installments, which the court granted. *Id.* at Dkt. Nos. 21, 22, 23, 24.

On October 28, 2024, Mr. Briggs failed to attend the mandatory meeting of creditors pursuant to 11 U.S.C. § 341(a). The meeting was rescheduled to November 22, 2024. Also on October 28, 2024, Mr. Briggs filed a request to reschedule the mandatory chapter 11 status conference. *Id.* at Dkt. No. 32. The court continued the conference to November 8, 2024. Mr. Briggs appeared at the status conference and explained that he believed the case should be before the district court. Bankruptcy Court Dkt. No. 34, Audio 2:27:10–2:31:24. U.S. Bankruptcy Judge Charles Novack explained that any chapter 11 cases are properly brought before the bankruptcy court, but that Mr. Briggs could file a "motion to withdraw reference" in the district court on his own accord if he so wished. When Mr. Briggs explained his view of the pending matter in the district court, Judge Novack agreed to continue the chapter 11 status conference hearing to January 10, 2025. *Id.*; Bankruptcy Court Dkt. No. 35.

At the November 22, 2024, § 341(a) mandatory meeting of creditors, Mr. Briggs again did not appear and "indicated he would not appear until [the] District Court litigation is resolved." The court rescheduled the § 341(a) meeting for January 6, 2025. Mr. Briggs also failed to appear

on that date.[1]  Nor did he appear at the January 10, 2025, chapter 11 status conference.  The court ordered Mr. Briggs to show cause why the court should not dismiss or convert the case for lack of prosecution.  Bankruptcy Court Dkt. Nos. 44, 46.  The court scheduled a hearing on the order to show cause for February 7, 2025.  Dkt. No. 46.

On December 30, 2024, prior to the missed § 341(a) meeting and the chapter 11 status conferences, creditor MidFirst Bank filed a Motion for Relief from Automatic Stay so that it (along with its trustee) could "commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtor's property."  Bankruptcy Court Dkt. No. 40.  MidFirst Bank explained that Mr. Briggs had failed to make 69 payments over the course of more than five years.  *Id.*  The court scheduled the hearing on the motion for January 24, 2025.  Bankruptcy Court Dkt. No. 41.

Mr. Briggs responded to the order to show cause, again explaining his view that the Bankruptcy Court lacked jurisdiction.  Bankruptcy Court Dkt. No. 47.  He explained that "until this court produces evidence that the matter has been remanded back to this court and follows the rules that are in place respecting such a remand, then I must respectfully ignore the courts [sic] order to show cause as lacking jurisdiction until such time as the matter is properly back in the jurisdiction of this article 1 core venue!"  *Id.* at 3.  At the same time, Mr. Briggs filed a Notice of Removal in the bankruptcy court, seemingly intending to remove the case to the Northern District of California.  Bankruptcy Court Dkt. No. 48.

On January 24, 2025, the court held a hearing on MidFirst Bank's motion for relief from the automatic stay.  Mr. Briggs did not attend the hearing.  *See* Order Re: Termination of the Automatic Stay, Bankruptcy Court Dkt. No. 55.  In the order following the hearing, the court held that because Mr. Briggs never extended the automatic stay provided under Bankruptcy Code § 362(d)(1) at the onset of the action, the stay had already expired on October 23, 2024.  *Id.* at 3.  The court also described the grounds for its original jurisdiction over bankruptcy cases and proceedings.  *Id.* at 3–4.  It again explained that the proper vehicle for Mr. Briggs to bring his case

---

[1] The court again rescheduled the § 341(a) meeting a third time to February 3, 2025.  Mr. Briggs did not appear at that rescheduled meeting.

United States District Court
Northern District of California

before the district court was to bring a "motion to withdraw a case or proceeding" before the district court. *Id.* at 5. It noted Mr. Briggs's ongoing case before Judge Lin and construed Mr. Briggs's filing in that case as an apparent attempt to do just that. The court confirmed that the automatic stay had been lifted, allowing MidFirst Bank to move forward in its intended foreclosure proceedings. *Id.* at 6.

At the February 7, 2025, hearing on the order to show cause, Mr. Briggs did not appear. Bankruptcy Court Dkt. No. 54, Audio 3:33–08:42. At the hearing, Judge Novack reviewed the status of the case ongoing before the bankruptcy court and before Judge Lin in this court. *Id.* In light of Judge Lin's then-pending Third Order Regarding Service, Judge Novack continued the hearing on the order to show cause to March 14, 2025. *Id.*

On March 14, 2025, the bankruptcy court held a final hearing on its Amended Order to Show Cause why the case should not be dismissed. Bankruptcy Court Dkt. No. 60. At the hearing, at which Mr. Briggs again failed to appear, Judge Novack explained that it was appropriate to dismiss the case because Mr. Briggs had failed to attend the mandatory chapter 11 status conference and failed to attend all scheduled and rescheduled mandatory meetings of creditors. Judge Novack further concluded that the case was not appropriate for conversion because the matter was a two-party dispute between Mr. Briggs and MidFirst Bank and Mr. Briggs had not offered any significant assets over the course of the proceedings. Dkt. No. 59, Audio 00:00–04:45. The court dismissed the case. Bankruptcy Court Dkt. No. 60.

Mr. Briggs now appeals the Bankruptcy Court Order and petitions to "strike all bankruptcy court proceedings for lack of jurisdiction post-removal and for return of collateral security." Dkt. No. 3 at 1.

**LEGAL STANDARD**

The district court has jurisdiction to adjudicate a bankruptcy appeal pursuant to 28 U.S.C. § 158(a)(1). An order dismissing or converting a Chapter 11 bankruptcy case to a Chapter 7 case is a final and appealable order. *Rossen v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 770 (9th Cir. 2008).

A district court reviews a bankruptcy court's decision under the same standard of review

circuit courts use in reviewing district court decisions: "[f]actual determinations are reviewed under the clearly erroneous standard, while determinations of law are reviewed de novo." *Andrews v. Loheit*, 155 B.R. 769, 770 (B.A.P. 9th Cir.1993) (citing *In re Warren,* 89 B.R. 87, 90 (B.A.P. 9th Cir.1988)); *Ford v. Baroff*, 105 F.3d 439, 441 (9th Cir. 1997). District courts review "whether the cause for dismissal of a Chapter 11 case under 11 U.S.C. § 1112(b) is within the contemplation of that section of the Code." *Marsh v. March (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994). However, the bankruptcy court's decision to dismiss a Chapter 11 case may not be overturned absent an abuse of discretion. *Id.*

Determining whether a bankruptcy court has abused its discretion requires two steps: First, a district court "is to determine de novo whether the [bankruptcy] court identified the correct legal rule to apply." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). Second, the district court "is to determine whether the [bankruptcy] court's application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from facts in the record." *Id.* (internal quotation marks omitted). If the bankruptcy court has committed any of the aforementioned errors in applying the correct legal standard, then the reviewing court "ha[s] a definite and firm conviction that" the bankruptcy court made a mistake or decision that "was not among its permissible options, and thus that it abused its discretion by making a clearly erroneous finding of fact." *Id.*

## DISCUSSION

Section 1112(b) of Title 11 of the Bankruptcy Code provides that "after notice and a hearing, the [bankruptcy] court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). "The bankruptcy court has broad discretion in determining what constitutes 'cause' under section 1112(b)." *Sillivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (9th Cir. B.A.P. 2014).

Mr. Briggs's explanation for why he failed to appear consists solely of his unfounded belief that the bankruptcy court never had jurisdiction over his case in the first instance. Dkt. Nos.

1, 3.  It did.  28 U.S.C. § 151 reads:

> In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district.  Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.

28 U.S.C. § 151.  A later section of the code reads:

> Each district court may provide that *any or all cases under title 11* and *any or all proceedings arising under title 11* or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.  Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments

28 U.S.C. § 157 (emphasis added).  The Northern District of California General Order No. 24 has exercised that referral power to refer "all cases under title 11, and all proceedings arising under title 11 or arising in or related to cases under title 11" to the bankruptcy judges of this district.[2]

Mr. Briggs also contends that on March, 15, 2025, he "removed the bankruptcy case from the United States Bankruptcy Court for the Northern District of California to this United States District Court . . . ."  Dkt. No. 3 at 2.  There is no record that Mr. Briggs removed or attempted to remove his case to the district court on that date.  The case before me commenced only on April 2, 2025, upon notice of his appeal from the bankruptcy court.  Dkt. No. 1.  There is no notice of removal in the case before Judge Lin.  *See generally Briggs v. AO* Docket. Further, as Judge Novack explained in his February 12, 2025, Order Re: Termination of the Automatic Stay, although "a party may seek to transfer a bankruptcy case or proceeding from a bankruptcy court to its district court by requesting the district court to "withdraw the reference[,] . . . [r]emoval is . . . inapplicable."  Bankruptcy Court Dkt. No. 55 at 4; *see also Curtis v. Shpak (In re Curtis)*, 571 B.R. 441 (9th Cir. B.A.P. 2017) ("[28 U.S.C. § 1452] intentionally applies only to removal to bankruptcy court from state court and certain federal courts but not district courts.").

Litigants must use the correct procedural vehicle in attempting to have one court or another

---

[2] General Order No. 24 may be reviewed at https://cand.uscourts.gov/sites/default/files/wp-content/uploads/general-orders/General-Order-24_New.pdf.

United States District Court
Northern District of California

court review their case.  Here, Judge Novack liberally construed Mr. Briggs's ongoing proceedings before Judge Lin as an attempt to "withdraw [his] reference" from bankruptcy court to district court.  Bankruptcy Court Dkt. No. 55 at 5.  But Mr. Briggs then failed to prosecute his case before Judge Lin in this court.  *See* Order Dismissing Case for Failure to Prosecute, *Briggs v. AO* Dkt. No. 26.

The bankruptcy court identified the correct legal rule to apply given the circumstances of this case.  Mr. Briggs did not appear at the mandatory January 10, 2025, chapter 11 conference, or at any of the three rescheduled § 341(a) conferences.  Judge Novack provided "notice and a hearing," and rescheduled the hearing in accordance with Mr. Briggs's explanation of his district court case before Judge Lin.  11 U.S.C. § 1112(b)(1).  Mr. Briggs then failed to prosecute his case in the district court and failed to appear at the second hearing on the order to show cause in bankruptcy court on March 14, 2025.  Mr. Briggs expressly stated that he "*must* respectfully ignore the courts [sic] order to show cause" because he believed the bankruptcy court lacked jurisdiction over the matter.  Bankruptcy Court Dkt. No. 47 at 3 (emphasis added).  As I have explained, and as Judge Novack explained, the bankruptcy court had jurisdiction over Mr. Briggs's case.  Judge Novack's decision to dismiss the case was in no way "illogical," "implausible," or "without support . . . from facts in the record."  *Hinkson*, 585 F.3d at 1262.

The bankruptcy court did not abuse its discretion.

## CONCLUSION

The bankruptcy court's Order Dismissing Chapter 11 Case for failure to prosecute is AFFIRMED.

**IT IS SO ORDERED.**

Dated: March 3, 2026

_____
William H. Orrick
United States District Judge

United States District Court
Northern District of California

7