UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE BRIGGS,

                    Plaintiff.

Case No. 25-cv-03012-WHO

**ORDER DENYING RELIEF FROM JUDGMENT**

Re: Dkt. Nos. 6, 7

On March 3, 2026, I affirmed the bankruptcy court's Order dismissing pro se plaintiff Mr. Bryan Michael Thomas Briggs's Chapter 11 case for failure to prosecute.  *See* "Prior Order" [Dkt. No. 4].  That same day, I entered Judgment in the case.  *See* Dkt. No. 5. On March 12, 2026, and March 13, 2026, Mr. Briggs moved for reconsideration of the Prior Order and also filed a "Petition for a Redress of Grievances."  *See* Dkt. Nos. 6, 7.

In Mr. Briggs's motion, he contests the findings of the Prior Order and those in orders filed in a previous case before me, as well as those made by my colleagues in this District and the bankruptcy court in his various cases.  *See* Dkt. No. 6 at 1, 3, 5, 9, 10, 11, 12, 13, 17, 31; *see also Bryan Briggs v. Midland Bank et al.*, No. 24-cv-04472.[1]  A motion for reconsideration is an improper vehicle to use to seek relief after entry of Judgment.  *In re Captain Blythers, Inc.*, 311 B.R. 530, 539 (9th Cir. BAP 2004).  In light of Mr. Briggs's pro se status, however, I will construe his motion as a timely filed Rule 60 Motion for Relief from Judgment.  *See* Fed. R. Civ. P. 60.

Federal Rule of Civil Procedure 60 provides grounds from relief from a final judgment for the following reasons:

    (1) mistake, inadvertence, surprise or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been

---

[1] I only address the case before me in this Order.

discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Liberally construing his motion, Mr. Briggs moves for relief on the first, fourth, and/or sixth grounds.  Each requires its own legal standard of review, none of which Mr. Briggs has met.

Rule 60(b)(1) allows a district court to correct errors of law or fact.  *Kemp v. United States*, 596 U.S. 528, 534 (2022).  Mr. Briggs contends that I made numerous errors of law and fact in the Prior Order.  *See, e.g.*, Dkt. No. 6 at 4 (contending that my conclusion that he "failed to prosecute" his case in bankruptcy court was erroneous because of the prosecution of a separate case before the Hon. Rita Lin).  But Mr. Briggs's arguments are, as I explained in the Prior Order, rooted in his incorrect "understanding of bankruptcy court jurisdiction."  Prior Order at 1.  I affirmed the bankruptcy court decision that Mr. Briggs failed to prosecute his case in bankruptcy court because he was required to appear for numerous court hearings and meetings and did not do so.  *See* Prior Order 6–7.

Mr. Briggs's argument that the Judgment is void also fails.  "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).  Mr. Briggs may believe that there was a jurisdictional error given his insistence that the bankruptcy court lacked jurisdiction in the first instance, but his belief does not translate into a rule of law.  As I explained in the Prior Order, and pursuant to 28 U.S.C § 157: "Each district court may provide that *any and all cases under title 11 and any or all proceedings arising under title 11* . . . shall be referred to *the bankruptcy judges for the district*."  28 U.S.C § 157 (emphasis added).  The Northern District of California exercised that referral power to the bankruptcy judges in General Order No. 24.  That is why U.S. Bankruptcy Judge Charles Novack properly had jurisdiction over Mr. Briggs's case in bankruptcy

United States District Court
Northern District of California

court. And while Mr. Briggs had ample "opportunity to be heard" in bankruptcy court, he consistently refused to show up for his hearings and mandatory bankruptcy meetings. *See* Prior Order 2–4. The Judgment is not void.

Finally, Rule 60(b)(6), known as the "catchall" provision, cannot provide Mr. Briggs the relief that he seeks. *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). Rule 60(b)(6) "is available in narrow circumstances" where "extraordinary circumstances" justify reopening judgment. Mr. Briggs has presented no extraordinary circumstances here. His use of incendiary language does not convince me otherwise. *See, e.g.*, Dkt. No. 6 at 17 ("Orrick has been accused of judicial malfeasance and violating the Civil Rights Act of 1866 . . . . He chose the double down, to act as if he was in Florida claiming that he was being attacked by a black person killing a case under the claim he was 'standing his ground' . . . . He is being asked to revisit his decision and to consider legal consequences should he fail to act while having a duty to act.").

The motion for relief from Judgment is DENIED. If Mr. Briggs wishes to appeal this Order, he may do so before the United States Court of Appeals for the Ninth Circuit. *See* Pro Se and Self Represented Litigants: Information, Links and Forms, https://www.ca9.uscourts.gov/forms/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: April 9, 2026

William H. Orrick
United States District Judge